BARTON-MANSFIELD COMPANY v. COLLINS.

Opinion delivered October 19, 1931.

A. H. Rowell, Jr., Rowell & Alexander and H. Jordan Monk, for appellant.

Reinberger & Reinberger and Galbraith Gould, for appellee.

HUMPHREYS, J. The only question involved in this appeal is whether the chancery court in confirming a foreclosure sale of land to satisfy a materialman's lien thereon had authority to grant a period of twelve months to appellee to redeem the property. Appellant furnished appellee building materials which were used in repairing buildings on lots 5 and 6 in block 3, Forest Park Addition to Pine Bluff, Arkansas, and, within the time allowed by law filed its materialman's lien on said property for $48.90. This suit was later instituted in the chancery court of Jefferson County to foreclose the lien, wherein a decree of foreclosure and order of sale of the property was obtained. The sale was made pursuant to the order of the court and reported to the court for confirmation. The sale was approved and the commissioner ordered to execute a deed to the purchaser subject to redemption within twelve months by appellee. Appellant has appealed from that part of the decree allowing a twelve months period for redemption.

The trial court was in error in granting appellee twelve months in which to redeem the property from the foreclosure sale. The materialman's lien law in this State contains no provision for redemption from the sale of the property to satisfy a lien for material furnished, and the record does not show that there was any agreement between the parties to that effect. The rule governing in equity foreclosures of such liens is well stated in 35 C. J., p. 67, in the following language:

"While, under the broad power to adjust the relief in such a way as to afford fair treatment of all parties, a court of equity may, and sometimes does, frame its decree so as to permit redemption to be made, at least before confirmation of the sale, the general rule in equity is that, where all the parties are before the court and a sale is made pursuant to its decree, and by an officer appointed by it for the purpose, the right of redemption will not be allowed except by command of the statute, or by contract between the parties. Except when given by a valid agreement between the parties themselves, the

right of redemption exists, if at all, by force of statute, and the right extends only to cases coming within the statute."

That part of the decree appealed from is reversed, and the cause is remanded with directions to strike the redemption privilege from the decree.